**REVISED October 15, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60339

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

DANY ARIEL PENA OSEGUERA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

KURT D. ENGELHARDT, Circuit Judge:

Dany Ariel Pena Oseguera (Pena Oseguera) is a native of Honduras. He appeals the denial of his application for asylum and withholding of removal.

## I.

In early 2013, Pena Oseguera was a university student and lived with his family. During that time, his mother, a Honduran supervisory police officer, received a tip about corrupt police officers who were colluding with gangs. She referred the tip to a member of the police force with jurisdiction to investigate corruption. The investigator was murdered in June 2013.

No. 17-60339

Pena Oseguera claims he was approached later in 2013 by a person who offered him a job as a bill collector. Pena Oseguera expressed interest but later declined the offer. At that point, the person threatened to kill him. Pena Oseguera later found out that the person was a gang member. Several days later, Pena Oseguera's mother received two text messages threatening her entire family. The messages noted that she was a police officer and specifically mentioned Pena Oseguera.

Pena Oseguera's parents quickly arranged for him to travel to the United States. After he left, his mother received two more messages threatening her family. She also stated that over a year later, her home was shot up by unknown assailants, who she suspected were the corrupt police officers[1].

Pena Oseguera applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On June 6, 2016, the Immigration Judge (IJ) granted relief under CAT. The IJ did not grant the asylum and withholding of removal requests, finding that Pena Oseguera did not establish a nexus between the alleged persecution and a legally "protected ground." Pena Oseguera appealed, and the Board of Immigration Appeals (BIA) upheld the IJ's determination on April 3, 2017. He then timely filed a petition for review of the BIA's decision on May 3, 2017.

II.

Courts of appeals have exclusive jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5) (2012). This court usually only reviews the BIA's final decision, unless, as in this instance, the BIA's decision is affected by the IJ's decision. In that circumstance, we review both. *Sealed Petitioner v. Sealed*

---

[1] Pena Oseguera's mother also entered the United States and testified in support of his application.

No. 17-60339

*Respondent*, 829 F.3d 379, 383 (5th Cir. 2016). We review legal conclusions de novo and factual findings for substantial evidence. *Id.*

III.

As an applicant for asylum, Pena Oseguera must show that he is "unable or unwilling to return" to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Pena Oseguera must also show a nexus – that the protected ground "was or will be at least one central reason for persecuting the applicant." *Id.* at § 1158(b)(1)(B)(i). A central motive is not "incidental, tangential, superficial, or subordinate to another reason for harm." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (quoting *In re J-B-N & S-M,* 24 I. & N. Dec. 208, 214 (BIA 2007)).

At the time we heard oral arguments in this case, *Matter of L-E-A-* was pending before the Attorney General. 27 I. & N. Dec. 581 (U.S. Att'y Gen. 2019). That case directly took up the question of whether families qualified as "social groups" for the purposes of refugee status.[2] We held this case in abeyance pending a decision by the Attorney General. A decision has now been published, and *Matter of L-E-A* stands for the proposition that families *may* qualify as social groups, but the decision must be reached on a case-by-case basis. The "applicant must establish that his specific family group is defined with sufficient particularity and is socially distinct in his society. In the ordinary case, a family group will not meet that standard, because it will not have the kind of identifying characteristics that render the family socially distinct within the society in question." 27 I. & N. Dec. 581, 586 (U.S. Att'y

---

[2] "Whether, and under what circumstances, an alien may establish persecution on account of membership in a 'particular social group' . . . based on the alien's membership in a family unit." *In re L-E-A-,* 27 I. & N. Dec. 494. 494 (U.S. Att'y Gen. 2018).

No. 17-60339

Gen. 2019). This is "a fact-based inquiry made on a case-by-case basis." *Id.* at 584 *(quoting Matter of L-E-A-*, 27 I. & N. Dec. 40, 42 (BIA 2017)); *see also Matter of A-B-*, 27 I. & N. Dec. 316, 333 n.8 (Att'y Gen. 2018) ("There is reason to doubt that a nuclear family can comprise a particular social group under the statute.").

In the instant case, the BIA assumed that "the respondent properly and timely set forth the particular social group of his family." It then stated that "the Immigration Judge's decision does not specifically address this [social] group." Importantly, the BIA went on to suggest that the factual record and analysis from the IJ was lacking, but brushed that aside because it intended to make the decision based only on an analysis of the nexus: "However, we need not remand the record for additional fact finding or analysis [on the issue of social group]."

The BIA admitted that the Immigration Judge incorrectly conflated the respondent's claim with that of his mother ("We briefly note that the respondent is not a derivative application on his mother's separate asylum application, and thus each claim must stand on its own merits." *Id.* at 3.). The BIA then claims to have come to an "independent conclusion" which "this reasoning by the Immigration Judge does not meaningfully impact." However, the BIA must rely on the factual findings of the IJ, which were likely impacted by the incorrect legal posture through which the IJ viewed the case. *Zumel v. Lynch*, 803 F.3d 463, 475 (9th Cir. 2015).

IV.

Considering this error, and in order that the IJ and the BIA may have the benefit of the increased clarity provided by *Matter of L-E-A-*, we determine it prudent to remand. We recognize that *Matter of L-E-A-* is at odds with the precedent of several circuits. *Matter of L-E-A-,* 27 I&N Dec. at 589-91 (analyzing precedent from the First, Fourth, Sixth, Seventh, Eighth, and Ninth

4

Circuits). However, it is not at odds with any precedent in the Fifth Circuit. We therefore VACATE and REMAND for consideration in light of *Matter of L-E-A-*.