# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2021

Lyle W. Cayce
Clerk

No. 20-60220
Summary Calendar

JESSICA CECIBEL GUZMAN-AYALA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 852 024

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Jessica Cecibel Guzman-Ayala is a native and citizen of El Salvador. She petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeal from the decision of the Immigration Judge (IJ)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and consider the IJ's decision only to the extent it influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Questions of law are reviewed de novo, and findings of fact are reviewed for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

Guzman-Ayala challenges the BIA's denial of her request for asylum and withholding of removal based on Guzman-Ayala's membership in the particular social group of Salvadoran women who "are unable to leave their domestic relationship." A particular social group must be made up of members who share a common immutable characteristic, be defined with particularity, and be distinct from other persons within society. *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019); *see also Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019). We find no legal error in the BIA's analysis of the asylum claim, and we conclude that substantial evidence supports the BIA's finding that Guzman-Ayala is ineligible for asylum because her proposed particular social group does not meet these requirements. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229-34 (5th Cir. 2019); *Orellana-Monson*, 685 F.3d at 517-18; *Chen*, 470 F.3d at 1134.

We have long held that, "[b]ecause the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, failure to establish eligibility for asylum is dispositive of claims for withholding of removal." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir.

No. 20-60220

2006); *see Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020); *Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012); *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).  We therefore reject the petitioner's contention that the BIA legally erred in concluding that her claim for withholding of removal fell with her claim for asylum.

Finally, Guzman-Ayala disagrees with the BIA's factual finding that she is ineligible for protection under the CAT.  She maintains that she provided credible testimony to support her argument that her former domestic partner would torture her upon her return to El Salvador and that Salvadoran officials would acquiesce in that torture.  Because the record evidence does not compel a conclusion contrary to that reached by the BIA, we may not disturb the BIA's finding.  *See Chen*, 470 F.3d at 1134; 8 U.S.C. § 1252(b)(4)(B).

The petition for review is DENIED.