# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2021

Lyle W. Cayce
Clerk

No. 19-60697
Summary Calendar

Damaris Amarilis Alvarado-Ruiz; Cleverzon Jeovani
Mendez-Alvarado,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 208 748 356
BIA No. A 208 748 357

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Damaris Amarilis Alvarado-Ruiz and her son Cleverzon Jeovani
Mendez-Alvarado ("Petitioners") are natives and citizens of Guatemala.
They seek review of an order of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing their appeal of an order of the Immigration Judge ("IJ") that denied asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The petition for review is denied.

To be eligible for asylum, an applicant must show inability or unwillingness to return to his or her country as the result of persecution or a well-founded fear of persecution because of, *inter alia,* membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A). A particular social group must (1) consist of members who share a common immutable characteristic, (2) be defined with particularity, and (3) be distinct from other persons within society. *Matter of L-E-A-,* 27 I & N Dec. 581, 581 (Att'y Gen. 2019); *see also Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019). Whether a proposed group qualifies as a particular social group for asylum purposes is a legal question that is reviewed de novo. *See Orellana-Monson v. Holder,* 685 F.3d 511, 517-21 (5th Cir. 2012).

A proposed social group must "exist independently of the harm asserted." *Gonzales-Veliz v. Barr,* 938 F.3d 219, 230 (5th Cir. 2019). The proposed group of "Guatemalan women unable to leave a domestic relationship" does not exist independently from the alleged persecution. *See id* at 232. Additionally, "[w]hile the [BIA] has recognized certain clans and subclans as 'particular social groups,' most nuclear families are not inherently socially distinct and therefore do not qualify as 'particular social groups.'" *Matter of L-E-A-*, 27 I. & N. Dec. at 581. In this case, the proposed family-based social groups are broad rather than particularly defined. *Compare Quintanilla-Miranda v. Barr*, 781 F. App'x 344, 346 (5th Cir. 2019) (concluding that the proposed social group "Honduran sons in domestic familial relationships who are unable to leave" is not sufficiently particular). Neither does the record contain any evidence that Guatemalan society views either of the proposed family-based groups as distinct from society. *Compare Solorzano-De Maldonado v. Sessions,* 721 F. App'x 351, 354 (5th Cir. 2018)

(dismissing a petition for review when the record did not show that Salvadoran society viewed the proposed social group as socially distinct).

The BIA correctly concluded that Petitioners are not eligible for asylum. The BIA's opinion reflects that it fully considered all of Petitioners' contentions and correctly determined that they did not meet the asylum standard, and therefore failed to meet standard for withholding of removal. *See Orellana-Monson,* 685 F.3d at 518.

Finally, a claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The applicant must establish that the government of his or her home country would instigate or consent to the torture. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The alien "may satisfy his burden of proving acquiescence by demonstrating a government's willful blindness of torturous activity." *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017).

Substantial evidence supports the BIA's conclusion that Petitioners are not eligible for protection under the CAT. *See Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). They did not establish that it is more likely than not that they will be tortured on their return to Guatemala. Neither have Petitioners established that a person acting in an official capacity on behalf of Guatemala would torture them, acquiesce in their torture, or be willfully blind to their torture. *Compare Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 354 (5th Cir. 2002).

The petition for review is DENIED.