# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 20-60240
Summary Calendar

---

Yessica Naida Cornejo-Fernandez; Gabriela Elizabeth Cornejo-Fernandez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 377 456; A208 377 457

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Yessica Naida Cornejo-Fernandez and her minor child Gabriela Elizabeth Cornejo-Fernandez are natives and citizens of El Salvador. They petition for review of a Board of Immigration Appeals' (BIA) order

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing their appeal from an Immigration Judge's (IJ) order denying asylum and withholding of removal.  The petition is denied.

The court reviews findings of fact, including the denial of asylum and withholding of removal under the substantial evidence standard.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Legal questions are reviewed de novo.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

First, Cornejo-Fernandez argues that the BIA erred by affirming the IJ's finding that she failed to present a cognizable particular social group.  A particular social group must be made up of members who share a common immutable characteristic, be defined with particularity, and be distinct from other persons within society.  *See Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019).  As the IJ noted, the particular social group "[Salvadoran] women who fear violence and delinquency in their home country" lacks any particularity and could be half of the population of El Salvador.  *See* ROA.46. This portion of the petition for review is denied.  *Id.*

Next, Cornejo-Fernandez argues that the BIA failed to provide meaningful review of her appeal by not considering whether the particular social group "Salvadoran women threatened by gang members because of their status as crime witnesses" was cognizable.  That particular social group was not identified before the IJ.  The BIA was not required to address this particular social group for the first time on appeal.  *See Hernandez-De La Cruz v. Lynch,* 819 F.3d 784, 786 (5th Cir. 2016).  Accordingly, the BIA did not abuse its discretion by refusing to consider this particular social group.  *See id.*  There is nothing in the record demonstrating that the BIA failed to provide meaningful review.  Additionally, Cornejo-Fernandez failed to prove that a lack of meaningful review resulted in her being "denied the opportunity to be heard or present evidence."  *Toscano-Gil v. Trominski*, 210

F.3d 470, 474 (5th Cir. 2000). Accordingly, these portions of the petition for review are denied.

Cornejo-Fernandez also contends that because the IJ addressed the BIA in his opinion, it is unclear whether the order is final or interlocutory and that the IJ failed to fully develop the record. These issues were not raised before the BIA. "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Failure to exhaust an issue creates a jurisdictional bar. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Because Cornejo-Fernandez did not exhaust these issues before the BIA, these portions of the petition for review are dismissed for lack of jurisdiction. *Id.*

Lastly, Cornejo-Fernandez contends that the IJ failed to apply 8 C.F.R. § 1208.16(c)(3), which applies to CAT claims. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019). Section 1208.16(c)(3) requires that, "[i]n assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered." Cornejo-Fernandez did not raise a CAT claim. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 (5th Cir. 2004). This portion of the petition for review is denied. *Id.*

The petition for review is DENIED IN PART and DISMISSED IN PART.