# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2022

Lyle W. Cayce
Clerk

No. 20-60795
Summary Calendar

Gelci Jakelyn Cruz-Santos; Gerard Adonay Banegas-Cruz,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. 208 992 840
BIA No. 208 992 841

Before Jolly, Willett, and Ho, *Circuit Judges.*

Per Curiam:*

Gelci Jakelyn Cruz-Santos and her child Gerard Adonay Banegas-Cruz are natives and citizens of Honduras. They seek review of a Board of Immigration Appeals (BIA) opinion denying Cruz-Santos's application for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60795

asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The petition for review is denied.

To be eligible for asylum, an applicant must show that she is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see also* 8 U.S.C. § 1158(b)(1). A particular social group must be made up of members who share a common immutable characteristic, be defined with particularity, and be distinct from other persons within society. *See Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019). Neither former female Honduran nurses nor Honduran women living alone is based on an immutable characteristic. *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006); *see also Ontunez–Tursios v. Ashcroft*, 303 F.3d 341, 352-53 (5th Cir. 2002). Likewise, the BIA did not err by refusing to consider a proposed particular social group presented for the first time on appeal. *See Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). Cruz-Santos does not meet the standard for asylum, or the higher burden for withholding of removal. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Her CAT claim also fails, as she did not establish that it is more likely than not that she will be tortured by or with the acquiescence of the Honduran government if removed. *See Martinez-Lopez v. Barr,* 943 F.3d 766, 772-73 (5th Cir. 2019).

The petition for review is DENIED.