# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 20-60526
Summary Calendar

Alba Luz Medina-Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 369 362

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Alba Luz Medina-Reyes is a native and citizen of El Salvador. She seeks review of a Board of Immigration Appeals (BIA) decision dismissing her appeal from an Immigration Judge's (IJ) order denying asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT). The petition for review is denied in part and dismissed in part.

As relevant here, a particular social group must be made up of members who share a common immutable characteristic, be defined with particularity, and be distinct from other persons within society. *See Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019). As the IJ held and as the BIA affirmed, the putative particular social group "Salvadoran women who fear violence and delinquency in their home country" is not sufficiently particularized nor socially distinct from other members of Salvadoran society. *Cf. Jaco v. Garland*, 24 F.4th 395, 403, 407 (5th Cir. 2021); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 231–32 (5th Cir. 2019); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 519 (5th Cir. 2012). Because the record does not compel the conclusion that Salvadoran women who fear violence and delinquency are distinct in Salvadoran society, and because this group is not sufficiently particularized, this portion of the petition for review is denied. *See Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

Moreover, Medina-Reyes asks this court to remand for the BIA to consider her membership in a particular social group raised for the first time on appeal: "young, single-Salvadoran women who are forced against their will to enter into an involuntary form of wifehood who cannot escape their captors because of threat of imminent bodily harm or death." However, this court lacks jurisdiction to review a particular social group presented for the first time on appeal. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016). That claim is dismissed for lack of jurisdiction. *Roy*, 389 F.3d at 137.

No. 20-60526

The IJ's opinion[1] reflects that it fully considered all Medina-Reyes's arguments and correctly determined that they did not meet the asylum, and therefore the withholding of removal, standard. *See Orellana-Monson*, 685 F.3d at 518. Furthermore, there is insufficient evidence in the record that the Salvadoran government would acquiesce in Medina-Reyes's torture. *See Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). Because the IJ's denial of CAT protection is supported by substantial evidence, Medina-Reyes's CAT clam is denied. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The petition for review is DENIED IN PART and DISMISSED IN PART.

---

[1] When, as in this case, the BIA affirms the IJ without opinion, this court treats the IJ's decision as the final agency determination for purposes of review. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006).