# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 22-60233
Summary Calendar

Edith Carolina Castro-Ortega; Ashley Nahomy Paz-Castro,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 700 561
Agency No. A208 700 562

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Edith Carolina Castro-Ortega, a native and citizen of Honduras, entered the United States illegally in 2015 with her daughter. She seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming the immigration judge's (IJ's) denial of her

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60233

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

On review of an order of the BIA, this court examines "the BIA's decision and only consider[s] the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, we review both decisions. *See id.*

This court reviews the BIA's factual findings for substantial evidence, and it will not reverse such findings unless the petitioner shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). Among the findings that this court reviews for substantial evidence are the factual conclusions that an alien is not eligible for asylum or withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Castro-Ortega argues that the IJ and the BIA erred in disposing of her claims for asylum and withholding or removal on nexus grounds when it was clear that she feared persecution in Honduras solely because of her family membership.[2] She cites this court's decision in *Pena Oseguera v. Barr*, 936 F.3d 249, 251 (5th Cir. 2019), in support of her argument that the IJ and the BIA failed to perform the requisite fact-based analysis in evaluating her theory of the case (i.e., that she feared persecution by gangs in Honduras as

---

[1] Because Castro-Ortega is the lead petitioner and her daughter's claims for immigration relief are derivative of her claim, we will hereinafter refer only to Castro-Ortega unless otherwise specified.

[2] Castro-Ortega does not challenge the BIA's finding that she abandoned her request for relief under the CAT by failing to raise it in her appeal before the BIA. She has therefore abandoned the issue before this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

a result of her brother Elmer, a former gang member who was serving a 30-year sentence in Honduras for killing an MS gang member).

Castro-Ortega appears to confuse cognizability of her family-based social group with the nexus analysis. The court's reference in *Pena Oseguera* to a "fact-based inquiry made on a case-by-case basis" was made in the context of a discussion of the cognizability of family-based social groups, not nexus. *See* 936 F.3d at 251.

To the extent that Castro-Ortega is arguing that the IJ and the BIA erred in disposing of her case based on nexus, without analyzing the cognizability of her family-based PSG, this court has indicated in decisions post-*Pena Oseguera* that a cognizability determination is not an absolute prerequisite to addressing whether a petitioner proved a nexus between persecution and a family-based social group. *See, e.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). In any event, the IJ explicitly found that "family can be a particular social group," and the BIA implicitly affirmed this finding.

Castro-Ortega does not raise any other arguments regarding the BIA's analysis of nexus in her opening brief. In her reply brief, however, she attempts to raise a new argument that the BIA erred in failing to perform a "mixed-motive analysis" to determine whether she had satisfied the nexus requirement. "This court does not entertain arguments raised for the first time in a reply brief." *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

The petition for review is DENIED.