# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2022

Lyle W. Cayce
Clerk

No. 20-60594
Summary Calendar

Amany Gonzalez Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 451 703

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Amany Gonzalez Sanchez, a native and citizen of Cuba, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argues that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

record compels the conclusion that his actual or imputed political opinion was at least one central reason for the harm he suffered, the harm qualified as persecution and was perpetrated by the Cuban government, and he established a well-founded fear of future persecution.

As an initial matter, we decline to sua sponte raise any issues regarding whether this court is a proper venue for the petition for review, in light of the possible "unfairness of requiring the parties to relitigate anew in a different forum." *Jama v. Gonzales*, 431 F.3d 230, 233 (5th Cir. 2005). Regarding the merits of Gonzalez Sanchez's arguments, we review the BIA's decision and only consider the immigration judge's decision to the extent that it influenced the BIA's decision. *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018), *as revised* (Aug. 2, 2018). The determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard. *Id.*; *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

According to Gonzalez Sanchez's testimony and written statement, a Cuban security official identified as Captain Tony first approached Gonzalez Sanchez because Captain Tony wanted him to relay information about the Nigerian ambassador's conversations. Gonzalez Sanchez was singled out for the task because he was one of the ambassador's two personal drivers and spoke better English than the other driver. Those reasons are unrelated to Gonzalez Sanchez's political beliefs. *See Changsheng Du v. Barr*, 975 F.3d 444, 448 (5th Cir. 2020); *Revencu*, 895 F.3d at 403.

Additionally, Captain Tony's subsequent threats that Gonzalez Sanchez should provide the information sought to avoid future harm shows that the harm against Gonzalez Sanchez was contingent on his failure to perform the task, rather than any political opinion. Captain Tony's statements indicating that Gonzalez Sanchez owed a duty to "revolution"

No. 20-60594

and was acting like a "traitor" by refusing to cooperate, to the extent they could have been evidence that an actual or imputed political opinion of Gonzalez Sanchez was involved, were merely "incidental, tangential, superficial, or subordinate to" the primary motive of recruiting Gonzalez Sanchez to obtain information on the Nigerian ambassador. *Revencu*, 895 F.3d at 404 (internal quotation marks and citation omitted).

While Gonzalez Sanchez also contends that certain evidence was ignored, mischaracterized, or overlooked, the argument is unavailing because the evidence as a whole does not compel a conclusion that his actual or imputed political opinion was or will be a central reason for the alleged harm. *See Changsheng Du*, 975 F.3d at 448; *Revencu*, 895 F.3d at 403-04. Because substantial evidence supports the BIA's conclusion that Gonzalez Sanchez failed to meet his burden for asylum, he has also failed to satisfy his burden for withholding of removal. *See Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). Gonzalez Sanchez does not brief any argument challenging the denial of relief under the CAT, and he therefore has abandoned any such challenge. *See Singh v. Sessions*, 898 F.3d 518, 521 (5th Cir. 2018).

The petition for review is DENIED.