# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

No. 20-60871
Summary Calendar

Delmy Esmeralda Aldana-Ramirez; Keydi Cristal
Aldana-Ramirez; Josue Isaac Estrada-Aldana,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 861 397
BIA No. A209 861 398
BIA No. A209 861 399

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60871

Delmy Esmerelda Aldana-Ramirez, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Included in her applications as derivative beneficiaries are her children Keydi Cristal Aldana-Ramirez and Josue Isaac Estrada-Aldana.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence test, meaning that this court may not overturn factual findings unless the evidence compels a contrary conclusion. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam). Questions of law are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Aldana-Ramirez's asylum claim based on membership in the particularized social group (PSG) of "Honduran women who are unable to leave a domestic relationship" fails because that PSG is not cognizable. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (holding that "Honduran women unable to leave their relationship" was not cognizable). Likewise, substantial evidence supports the BIA's conclusion that Aldana-Ramirez's second PSG is not cognizable because "Honduran women who are viewed as property by virtue of their position in a domestic relationship" lacks particularity. *See id.* at 229. Furthermore, the PSG is not sufficiently defined independently of the harm. *See id.* Aldana-Ramirez's asylum claim based on the political opinion of "opposition to unchallenged male dominance and aggression" similarly fails because substantial evidence supports the BIA's conclusion that she was a victim of domestic violence and not targeted because of any actual or imputed political opinions. *See*

No. 20-60871

*Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002); *see also Du v. Barr*, 975 F.3d 444, 447 (5th Cir. 2020).

In *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632), we rejected the next argument urged by Aldana-Ramirez—namely, that the BIA erred in failing to fully analyze her withholding of removal claim. Although Aldana-Ramirez argues that a claim for withholding of removal has a lower nexus standard than asylum and therefore cannot be dismissed by virtue of a failed asylum claim, we have held that "applicants for withholding of removal must similarly [to an asylum applicant] show that a protected ground . . . was or will be at least one central reason for persecuting the applicant." *See id.* (cleaned up).

Regarding her CAT claim, Aldana-Ramirez has failed to produce evidence that would compel a different conclusion that the Honduran government would acquiesce in her torture. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). Although the record includes evidence of the plight of women in Honduras at the hands of domestic abusers and the low efficacy of the Honduran government's response, there is record support for the IJ's finding that the Honduran government is at least making attempts to assist women subjected to domestic violence. *Cf. Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022) (noting that "a foreign government's failure to apprehend the persons threatening the alien or the lack of financial resources to eradicate the threat or risk of torture do not constitute sufficient state action" (cleaned up)).

Finally, this court lacks jurisdiction to review Aldana-Ramirez's argument that the BIA violated *Matter of A-C-A-A-*, 28 I. & N. Dec. 84 (Att'y Gen. 2020), *vacated by Matter of A-C-A-A-*, 28 I. & N. Dec. 351 (Att'y Gen. 2021), because she did not exhaust her administrative remedies by raising it first before the BIA in a motion to reconsider. *See Avelar-Oliva v. Barr*, 954

No. 20-60871

F.3d 757, 766 (5th Cir. 2020); *see also Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284–86 (5th Cir. 2021) (observing that a motion to reconsider is the proper vehicle for raising a change in law with the BIA).

Accordingly, Aldana-Ramirez's petition for review is DISMISSED IN PART and otherwise DENIED.