# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2022

Lyle W. Cayce
Clerk

No. 20-60743
Summary Calendar

Yannick Alpha Ndelela,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 593 666

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Yannick Alpha Ndelela, a native and citizen of the Democratic Republic of the Congo (DRC), has petitioned for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the immigration judge (IJ) concluding that he was ineligible for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60743

withholding of removal, and relief under the Convention Against Torture (CAT). For the reasons set forth below, Ndelela's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

To the extent that Ndelela argues that the BIA erred procedurally by ignoring evidence, his claim is unexhausted. *See Martinez-Guevara v. Garland*, 27 F. 4th 353, 360-61 & n.9 (5th Cir. 2022). His contention that that the IJ and the BIA erred by failing to address a claim that he had established a well-founded fear of future persecution based on a pattern or practice of persecution of a group of persons similarly situated to him is also unexhausted; he did not fairly present such a claim to the BIA. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). We lack jurisdiction to consider these issues. *See id.*

Ndelela argues that the evidence shows that his political opinion was at least one central reason for his persecution. An asylum applicant has the burden to, *inter alia*, establish a nexus between the alleged persecution and one of the five statutory grounds for asylum. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349 (5th Cir. 2006).

As we have held, conduct driven by purely personal or criminal motives does not constitute persecution on account of a protected ground. *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Although Ndelela argues strenuously that the death threat he received and the actions taken against him and his family members were related to his participation, as an attorney, in a land dispute involving two well-connected generals, he has not demonstrated that a reasonable factfinder would be compelled to conclude his political opinion was one central reason for his persecution. *See Changsheng Du v. Barr*, 975 F.3d 444, 448 (5th Cir. 2020); *Sharma v. Holder*, 729 F.3d 407, 413; *Thuri*, 380 F.3d at 792-93. His related contention that the agency erred by failing to conduct a mixed-motives analysis fails; although a

2

persecutor's mixed motive might support a claim that an individual was persecuted on account of a protected ground, here substantial evidence supports the agency's determination that Ndelela "failed to establish persecution to any extent on account of or motivated by" his political opinion. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

Ndelela has also failed to establish the requisite nexus with respect to his claim of a well-founded fear of future persecution. *See Pena Oseguera v. Barr*, 936 F.3d 249, 250 (5th Cir. 2019), *as revised* (Oct. 15, 2019). Because Ndelela fails to show that he is entitled to relief in the form of asylum, he cannot establish entitlement to withholding of removal, which requires a higher burden of proof. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). It is unnecessary to consider Ndelela's remaining arguments as to the denial of these claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Finally, Ndelela challenges the denial of his claim for protection under the CAT. To obtain relief under the CAT, an applicant must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (internal quotation marks and citation omitted).

As the IJ determined, there is no evidence that Ndelela has been the victim of past torture, and the willingness of the police to take Ndelela's report following the attempted kidnaping incident lends support to the determination that public officials would not acquiesce in his torture. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019). Because substantial evidence supports the denial of the CAT claim, we will not disturb the agency's decision. *See Martinez-Lopez*, 943 F.3d at 772.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.