# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2022

Lyle W. Cayce
Clerk

No. 21-60840
Summary Calendar

———————

Henry Noel Gomez-Ponce; Dayana Lilieth Gomez-Rivas;
Nagory Yuliery Gomez-Tercero,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 893 929
BIA No. A215 893 928
BIA No. A215 893 927

———————

Before Jolly, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

   Henry Noel Gomez-Ponce, Dayana Lilieth Gomez-Rivas, and Nagory
Yuliery Gomez-Tercero, natives and citizens of Honduras, petition for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

review of the decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We lack jurisdiction to consider their contention that their particular social groups (PSGs) based on gang opposition were cognizable, as that claim is unexhausted. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022).

The petitioners challenge the BIA's conclusion that they failed to establish a nexus between their family-based PSGs and the alleged persecution, which we review for substantial evidence. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). They rely on evidence that the gang threatened to kill the son of Gomez-Ponce's partner and "cut [Gomez-Ponce's] family in pieces" because the youth refused the gang's demands that he sell drugs for the gang. According to the petitioners, that evidence showed that the familial relationship between Gomez-Ponce and the youth was a central reason why the gang targeted Gomez-Ponce. Because the cited evidence indicates that the gang's motives were recruitment and retaliation for failed recruitment efforts, the petitioners fail to show that the evidence compels a conclusion that there was a nexus between the alleged persecution and their family-based PSGs. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Additionally, the petitioners challenge the BIA's conclusion that neither Gomez-Ponce nor Gomez-Rivas expressed an anti-gang political opinion, which we also review for substantial evidence. *See Changsheng Du v. Barr*, 975 F.3d 444, 447-48 (5th Cir. 2020). They contend that Gomez-Ponce expressed political opposition to the gang by refusing its extortionate demands for payments and that Gomez-Rivas expressed an anti-gang political opinion by refusing to date a gang member and become a member of

that gang. Gomez-Ponce's testimony instead shows that he has and will resist the Mara 18 gang's extortionate demands for a non-political reason—his inability to pay. Additionally, his previous acquiescence to the gang's demands for payment "undermines his claim of an anti-[gang] political belief." *Id.* at 448. Similarly, while Gomez-Rivas testified that a member of the MS-13 gang threatened to kill her and her family unless she became his girlfriend and that she rejected his advances, she provided no evidence that the refusal was politically motivated. Accordingly, the evidence does not compel a conclusion that Gomez-Ponce or Gomez-Rivas expressed an anti-gang political opinion. *See id.* We do not reach the petitioners' remaining arguments challenging the denial of asylum and withholding of removal because the nexus issue is dispositive of the claims. *See Gonzales-Veliz*, 938 F.3d at 224; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petitioners challenge the BIA's finding that they failed to establish it was more likely that not that they would be tortured with government acquiescence upon return to Honduras. They contend that Gomez-Ponce's testimony that people who report gang activities to the police in Honduras end up dead shows that the police actively participate in the torture of gang victims. Gomez-Ponce's speculative testimony is insufficient to compel a conclusion that a public official would acquiesce in torture if he were removed to Honduras. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019). We do not consider the petitioners' argument that the harm they experienced in Honduras rose to the level of torture under the CAT, as the BIA did not reach that question. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 485-86 (5th Cir. 2022).

The petition is DISMISSED in part and DENIED in part.