# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2022

Lyle W. Cayce
Clerk

No. 21-60521
Summary Calendar

---

Jose Noel Figueroa Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A075 464 130

---

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jose Noel Figueroa Gonzalez, a native and citizen of Mexico, petitions for review of a decision of an Immigration Judge (IJ) affirming an Asylum Officer's (AO's) determination that he lacked a reasonable fear of persecution or torture.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60521

We have not decided whether challenges to an IJ's upholding of an AO's reasonable-fear determination should be reviewed under the substantial-evidence standard or the facially-legitimate-and-bona-fide-reason standard. There is no need for us to resolve this issue in this case, however, as Figueroa Gonzalez cannot prevail even under the more lenient substantial-evidence standard, which requires us to let the disputed decision stand unless the evidence "compels" a contrary conclusion. *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009); *see Carbajal-Betanco v. Barr*, 830 F. App'x 452, 453 n.1 (5th Cir. 2020) ("[I]t is not necessary to determine the appropriate standard of review at this time because [the petitioner's] claim fails even under the less deferential substantial evidence test.").

Figueroa Gonzalez's challenge to the IJ's persecution determination fails because the evidence does not compel a conclusion that he was targeted due to any political opinion. *See Changsheng Du v. Barr*, 975 F.3d 444, 448 (5th Cir. 2020) ("One could conclude that [the petitioner] expressed a[n anti-corruption] political opinion, but the evidence does not compel that conclusion."). Nor does the evidence compel the conclusion that it is more likely than not that he would be tortured if returned to Mexico. *See Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006) (noting that judicially imposed detention is typically not considered torture, which is defined as an act that causes "'severe pain or suffering'" (quoting 8 C.F.R. § 208.18(a)(1))). Finally, his due process claim fails because he has not shown substantial prejudice in connection with the acts and omissions underlying this claim. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

Insofar as he argues that we should reconsider our court's procedures concerning motions for stays of removal, he impermissibly asks us to issue an advisory opinion, as there is currently no outstanding motion in this appeal. We therefore decline any such request. *See Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 397-98 (5th Cir. 2000). Finally, the

No. 21-60521

respondent's arguments seeking to relitigate the parties' joint motion to remand are unavailing because that motion has already been adjudicated.

The petition for review is DENIED.