# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60319
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2024

Lyle W. Cayce
Clerk

Jiafeng Lin,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 433 179

————————————————————

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jiafeng Lin, a native and citizen of China and proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In reviewing the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

BIA's decision, we consider the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 815 (5th Cir. 2017).

The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, petitioner "has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.*

Lin asserts he was persecuted because of an anti-government political opinion Chinese authorities imputed to him. Substantial evidence, however, supports the BIA's finding the action against Lin was motivated by the governmental interest of regulating illegal businesses, supported by the officers explicitly citing his failure to comply with licensing and fee requirements for his street-vending business.

Lin's assertion regarding the requisite nexus to his claimed protected ground presents a different view of the evidence, but he has not shown his view of the evidence is so compelling that no reasonable factfinder could conclude against it. *See, e.g.*, *Changsheng Du v. Barr*, 975 F.3d 444, 448 (5th Cir. 2020) (rejecting asylum claim because "the evidence could lead a factfinder to conclude either way"). His failure to show evidence compelling a contrary conclusion regarding the requisite nexus is dispositive for his asylum and withholding-of-removal claims. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) ("If an applicant does not carry his burden for asylum, he will not qualify for withholding of removal." (citation omitted)).

For CAT protection, Lin was required to show he more likely than not will suffer torture in China and sufficient state action would be involved in that torture. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019) (outlining standard). Lin's documentary evidence concerning the

No. 23-60319

mistreatment of other individuals does not compel the conclusion that Lin more likely than not will be tortured if removed to China. *See, e.g.*, *Morales*, 860 F.3d at 818.

Lin also asserts the Chinese government would persecute and torture him because it would view his departure from China as illegal because he left in defiance of his monthly reporting requirement. The BIA declined to address this assertion because Lin did not raise it before the IJ. We likewise do not consider the assertion. *E.g.*, *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020) (discussing requirement that petitioner raise issue before IJ).

DENIED.