# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60531
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2024

Lyle W. Cayce
Clerk

CRISTIAN GONZALO CHEN CAAL,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 978 336

———————————————————

Before DENNIS, ELROD, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Cristian Gonzalo Chen Caal, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA adopted and

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

affirmed the decision of the immigration judge (IJ) we review the decisions of both the BIA and IJ. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

Chen Caal's claims of asylum and withholding of removal were based on the protected grounds of political opinion and membership in a particular social group (PSG). As the BIA concluded, his first proposed PSG, "young Guatemalan men," lacked the requisite particularity. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021). He also has not shown that the BIA erred in concluding that his second proposed PSG, "young Guatemalan men who defy local gangs," was not cognizable because it lacked social distinction. *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012) (holding that proposed group of "men who were recruited but refused to join Mara 18" was not cognizable). With respect to his final proposed PSG, "young Guatemalan men who are a part of military training and possess specialized military knowledge," he has not shown that we should disturb the BIA's conclusion that the evidence failed to show that his being a military trainee was an immutable characteristic. *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006).

In order to prove that political opinion was or will be a central reason for the alleged persecution, Chen Caal was required to show through direct or circumstantial evidence that the persecutor was motivated by his actual political opinion or a political opinion imputed to him. *See Changsheng Du v. Barr*, 975 F.3d 444, 447-48 (5th Cir. 2020); *Revencu v. Sessions*, 895 F.3d 396, 402-03 (5th Cir. 2018). He never verbally expressed a political opinion to the gang members who harmed him. Moreover, his testimony indicated that they were interested in recruiting him because of his military training and knowledge and possibly because they believed he was wealthy given his enrollment in a military school. Those characteristics are not political beliefs. The evidence does not compel the conclusion that the gang members knew that he held a political opinion, imputed a political opinion to him, or targeted

him due to any actual or imputed political beliefs. *See Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023).

The failure to establish the requisite nexus between a protected ground and the alleged past and future persecution is dispositive of Chen Caal's asylum claim. *See id.* at 312-13. Because he has failed to establish eligibility for asylum, he necessarily fails to meet the higher burden required for eligibility for withholding of removal. *See id.* at 313. His argument that withholding of removal has a less demanding standard than asylum with respect to establishing nexus is foreclosed under our precedent. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021).

To obtain protection under the CAT, Chen Caal was required to show both that (1) he more likely than not would suffer torture in Guatemala and (2) sufficient state action would be involved in that torture. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). His testimony indicated that he likely could avoid harm from the gang following a return to Guatemala if he did not wear his military school uniform. Given that he likely would not attend the military school again, a reasonable factfinder could have found that he failed to show the requisite likelihood of torture in Guatemala.

The petition for review is DENIED.