# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 20-60587

Renferi Aviles-Tavera,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. 077-401-890

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Renferi Aviles-Tavera (Aviles) appeals the determination by the Board of Immigration Appeals (BIA) that he is statutorily ineligible for withholding of removal and not entitled to protection under the Convention Against Torture (CAT). We deny Aviles's petition for review.

No. 20-60587

# I

Aviles is a native citizen of Mexico. Aviles has an extensive history before immigration courts in the United States. He first entered the United States illegally in 1988. In 1994, Aviles received notice that he was subject to deportation. Aviles filed an application for an extension of time to deport voluntarily, which was granted. He failed to leave by the required date. Aviles was again served with notice that he was subject to deportation in October 1998. An immigration judge (IJ) subsequently ordered his removal in 2000.

Aviles also has a criminal history, and his felony assault conviction is at issue in the case before us. In 2001, while his removal case was still pending, Aviles was convicted of Misdemeanor Assault with Injury in Texas state court and sentenced to 30 days' imprisonment. In 2004, Aviles was convicted of Felony Assault – Family Violence in Texas state court and was sentenced to 2.5 years' imprisonment; the victim was his sister. After Aviles was released from prison, he was deported.

In October 2013, Aviles reentered the United States and expressed fear of returning to Mexico. In November 2013, he was served with notice that he was subject to removal. In 2015, an IJ denied Aviles's application for asylum, withholding of removal, and protection under CAT. Important to this appeal, the 2015 IJ found that Aviles's felony assault conviction was not a "particularly serious crime" which would have made Aviles automatically ineligible under the withholding of removal statute. The 2015 IJ reasoned that the offense would ordinarily be classified as a misdemeanor and was only enhanced to a felony due to Aviles's prior misdemeanor conviction. However, the 2015 IJ determined on the merits that Aviles was not entitled to withholding of removal or protection under CAT. Aviles was deported.

In March 2017, Aviles once again presented himself and requested entry into the United States. In May 2018, he was served with a notice that

2

he was subject to removal. Aviles applied for asylum, withholding of removal, and protection under CAT. This application is the subject of the current appeal.

Aviles's application and hearing describe various attacks in Mexico by an individual, police, and the military due to his cognitive disabilities and mental health issues. During the merits hearing before the 2019 IJ, Aviles testified that he had been attacked and cut with a knife in Mexico. He further alleged that an "organized group and the military" repeatedly attacked and threatened him with a gun. Aviles finally testified that rather than helping him, police officers harassed him, threatened him, tied him up, and sexually assaulted him. Aviles fears he will be tortured, institutionalized, or killed if he returns to Mexico. However, due to his mental health conditions, Aviles's application does not have precise details or dates of these alleged attacks.

At the hearing, a professional counselor testified on Aviles's behalf. He testified that he had visited Aviles on three occasions and that Aviles showed signs of schizophrenia, autism, delusions, and cognitive or intellectual disabilities. But the counselor could not provide an exact diagnosis. He further stated that he believed that Aviles would be abused in Mexico due to these conditions. Finally, he testified that, in his view, Aviles was not aggressive and posed no threat to the public. Various family members also testified on Aviles's behalf.

The 2019 IJ denied Aviles's application, concluding that she was not precluded from determining that Aviles's felony assault conviction was a "particularly serious crime." The 2019 IJ also found that Aviles was not entitled to protection under CAT because Aviles did not introduce evidence showing it was more likely than not that he would be tortured or institutionalized if he returned to Mexico, nor did he show that the Mexican

government would acquiesce in the alleged torture. The 2019 IJ ordered Aviles removed to Mexico.

Aviles appealed to the BIA, but the BIA dismissed the appeal. The BIA held that Aviles was statutorily ineligible for both asylum and withholding of removal, finding that the 2019 IJ did not err by reconsidering whether Aviles was statutorily ineligible for withholding of removal. The BIA also held that Aviles did not meet his burden to show he was entitled to protection under CAT because Aviles failed to show that it was more likely than not that he would be tortured at the instigation of or with the acquiescence of the Mexican government. Aviles timely filed a petition for review on his withholding of removal and CAT claims.

## II

When reviewing a decision by the BIA, we only consider the IJ's decision if it influenced the BIA.[1] We review de novo questions of law but give deference to the BIA's interpretation of immigration statutes and regulations.[2] "We review an immigration court's findings of fact for substantial evidence."[3] Reversal is improper unless we determine that the evidence not only supports a contrary conclusion, but that it compels reversal.[4]

## III

Aviles first argues that the 2019 IJ was precluded from reconsidering whether his felony assault conviction was a "particularly serious crime"

---

[1] *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

[2] *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).

[3] *Singh*, 880 F.3d at 224.

[4] *Orellana-Monson*, 685 F.3d at 518.

No. 20-60587

because the 2015 IJ had already determined it was not. "A final decision by an immigration judge has a preclusive effect on future litigation and agency decisions."[5] However, issue preclusion does not apply "unless the facts and the legal standard used to assess them are the same in both proceedings."[6] When the same factual circumstances are involved in two actions, but the legal significance of those facts differs because of a significant or demonstrable difference in the applicable legal standard, preclusion does not apply.[7] The government asserts that the applicable legal standard to determine whether Aviles's felony assault conviction was a particularly serious crime has changed such that issue preclusion does not apply.

The overarching test for determining whether a crime is particularly serious remains unchanged. An applicant is statutorily ineligible for withholding of removal if he has "been convicted by a final judgment of a particularly serious crime."[8] There is both a categorical and a case-by-case test for determining whether a crime is particularly serious; here, only the latter is at issue. However, there is some degree of overlap between the first "nature of the conviction" factor of the case-by-case test and the categorical test.

A categorically particularly serious crime is "an aggravated felony" "for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years."[9] The statute defines an aggravated felony

---

[5] *Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013). *See also Medina v. INS*, 993 F.2d 499, 502–04 (5th Cir. 1993), *superseded by statute on other grounds*, 8 U.S.C. § 1252.

[6] *Id.*

[7] *Talcott v. Allahabad Bank, Ltd.*, 444 F.2d 451, 459 n.8 (5th Cir. 1971).

[8] 8 U.S.C. § 1231(b)(3)(B)(ii).

[9] *Id.*

No. 20-60587

to include "a crime of violence . . . for which the term of imprisonment [is] at least one year."[10] The Attorney General also has discretion to determine on a case-by-case basis whether a conviction is a particularly serious crime by considering the following factors: the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction.[11] Under the first factor analyzing the nature of the conviction or elements of the offense, an IJ may evaluate whether a crime is an aggravated felony, but the IJ is not limited to solely this consideration in the case-by-case test.[12]

So while the overarching factors of the case-by-case test remain unchanged, *United States v. Gracia-Cantu* changed how courts interpret the first factor. In analyzing the factors, the 2015 IJ found that Aviles's felony assault conviction was not a particularly serious crime. However, the 2015 IJ's determination predated *Gracia-Cantu*. *Gracia-Cantu* held that Assault – Family Violence was a "crime of violence" under 18 U.S.C. § 16(a).[13] Aviles concedes that caselaw interpreting what constitutes an aggregated felony has changed. Nevertheless, he argues that *Gracia-Cantu* would not have affected the 2015 IJ's determination because, while the 2015 IJ found Aviles's felony assault conviction was not a particularly serious crime, the IJ still found that the conviction was a crime of violence. We disagree.

18 U.S.C. § 16 provides two definitions of crime of violence: "(a) an offense that has as an element the use, attempted use, or threatened use of

---

[10] *Id.* § 1101(a)(43)(F).

[11] *Vetcher v. Barr*, 953 F.3d 361, 368–69 (5th Cir. 2020); *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007); *Samba v. Lynch*, 641 F. App'x 376, 381 (5th Cir. 2016) (per curiam).

[12] *In re N-A-M-*, 24 I. & N. Dec. 336 at 343.

[13] *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019) (per curiam).

physical force against the person or property of another" and "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[14] *Gracia-Cantu* creates a significant or demonstratable change to the nature of the conviction factor by changing the analysis that Aviles's felony assault conviction was a crime of violence under § 16(a). The 2015 IJ relied on the (now unconstitutional) § 16(b) crime of violence definition based on the persuasive authority of *Matter of Ombura* to find that Aviles's felony assault conviction was a crime of violence.[15] But the 2015 IJ did not consider whether Aviles's felony assault conviction was a crime of violence under § 16(a).

Thereafter, *Gracia-Cantu* clearly established that Aviles's felony assault conviction was a crime of violence under § 16(a). *Gracia-Cantu* also significantly relaxed the standard for determining whether a crime is a crime of violence by removing the directness of force requirement under § 16(a).[16] Therefore, post-*Gracia-Cantu*, the nature of the conviction factor weighs more heavily in favor of finding Aviles's felony assault conviction to be a particularly serious crime than it did at the time of the 2015 IJ's determination. Because *Gracia-Cantu* created a significant or demonstratable change to the analysis of the nature of the conviction or elements of the offense factor, issue preclusion does not apply.

Finally, for the first time in a supplemental brief, Aviles asserts that *Borden v. United States* reverts the case-by-case analysis to that in place prior

---

[14] 18 U.S.C. § 16.

[15] *Matter of Ombura*, 2007 WL 1153996 (BIA Feb. 8, 2007) (unpublished); *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (finding the § 16(b) definition to be unconstitutionally vague in the immigration context).

[16] *Gracia-Cantu*, 920 F.3d at 254.

No. 20-60587

to *Gracia-Cantu*. *Borden* held that an offense requiring only a mens rea of recklessness could not qualify as a violent felony under 18 U.S.C. § 924.[17] Aviles forfeited this argument because he failed to raise the substantive argument of *Borden* in his opening brief.[18] The BIA did not err by holding that the 2019 IJ could reexamine whether Aviles's felony assault conviction was a particularly serious crime.

## IV

Aviles alternatively argues that the BIA erred by determining on the merits that he was ineligible for withholding of removal. Here, we first address our jurisdiction to review the BIA's finding that Aviles was ineligible for withholding of removal. Then we address Aviles's alleged points of error.

## A

Under *Kucana v. Holder*,[19] we have jurisdiction to review the BIA's determination that Aviles's assault conviction was a particularly serious crime making him statutorily ineligible for withholding of removal. In *Kucana*, the Supreme Court held that under 8 U.S.C. § 1252(a)(2)(B)(ii), Congress intended to bar review of discretionary decisions only when Congress "set out the Attorney General's discretionary authority in the statute."[20] While *Kucana* does not address "the precise language Congress must use to endow the Attorney General or the Secretary of Homeland Security with discretion," "the majority of other circuits [] have held that, under *Kucana*, a statutory provision must expressly and specifically vest

---

[17] *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021) (plurality).

[18] *Edwards v. Johnson*, 209 F.3d 772, 775 n.1 (5th Cir. 2000).

[19] *Kucana v. Holder*, 558 U.S. 233, 247 (2010).

[20] *Id.*

No. 20-60587

discretion in the Attorney General."[21] Under the withholding of removal statute, the Attorney General is given the authority by Congress to "decide" whether an applicant's conviction constitutes a particularly serious crime; but both parties agree that this language does not expressly and specifically vest discretion in the Attorney General such that we lack jurisdiction to review the BIA's determination.[22] We therefore have jurisdiction to review the merits of the BIA's determination that Aviles was statutorily ineligible for withholding of removal.

## B

Aviles argues that the BIA erred in determining on the merits that he was statutorily ineligible for withholding of removal because his felony assault conviction was a particularly serious crime. He raises three errors: that the facts giving rise to his felony assault conviction are less severe than the those presented in the cases cited by the 2019 IJ; that the 2019 IJ erred by referring to the Affidavit for Warrant of Arrest as being the affidavit of the victim when it was in fact prepared by an officer; and that the IJ disregarded testimony offered by Aviles's other sister, stating that he was not a violent or aggressive person. However, Aviles fails to show how each of these errors compel reversal of the BIA.[23] We therefore affirm the BIA's determination that Aviles's felony assault conviction was a particularly serious crime making him ineligible for withholding of removal.

Aviles also argues the BIA erred in failing to consider whether he would face persecution on account of his belonging to a particular social group. If an applicant is not statutorily ineligible for withholding of removal,

---

[21] *Valerio-Ramirez v. Sessions*, 882 F.3d 289, 294 (1st Cir. 2018).

[22] 8 U.S.C. § 1231(b)(3)(B).

[23] *Orellana-Monson*, 685 F.3d at 518.

No. 20-60587

the applicant must demonstrate a clear probability of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion if he returned to his home country to be entitled to withholding of removal.[24] The BIA never reached this issue because it determined that Aviles was statutorily ineligible for withholding of removal. Because we are not permitted to consider reasons other than those given by the BIA,[25] we decline to consider this argument.

## V

Aviles finally argues that the BIA erred by finding that Aviles was ineligible for protection under CAT. To receive a deferral of removal under CAT, a petitioner must show that it is more likely than not that he would be tortured if he returned to his home country.[26] A petitioner must also show sufficient state action involved in that torture.[27] However, a foreign government's "failure to apprehend the persons threatening the alien" or "the lack of financial resources to eradicate the threat or risk of torture" do not constitute sufficient state action.[28]

---

[24] *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (quoting 8 C.F.R. § 208.16(b)(1)).

[25] *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981).

[26] 8 C.F.R. § 1208.17(a). "Torture is defined as any act by which severe pain or suffering . . . is intentionally inflicted on a person . . . for any reason . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006) (quoting 8 C.F.R. § 1208.18(a)(1)).

[27] *Tamara-Gomez*, 447 F.3d at 350–51.

[28] *Id.* at 351.

No. 20-60587

Aviles fails to show that the evidence compels a reversal of the BIA's denial of protection under CAT.[29] Aviles fails to show that he would more likely than not be institutionalized if he returned to Mexico. The counselor who evaluated Aviles could not conclusively determine what specific diagnosis Aviles suffered from, nor did the counselor testify that Aviles's conditions more likely than not would result in institutionalization. Additionally, Aviles fails to show sufficient state action. It is not enough that the Mexican government knows about poor conditions in an institution but fails to address them due to limited resources.[30] We affirm the BIA's holding that Aviles is not entitled to protection under CAT.

\* \* \*

Aviles-Tavera's petition for review is DENIED.

---

[29] *Orellana-Monson*, 685 F.3d at 518.

[30] *See Tamara-Gomez*, 447 F.3d at 351.