# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2022

Lyle W. Cayce
Clerk

No. 21-60389
Summary Calendar

─────────

Abubakkor Md Siddick,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

─────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 601 091

─────────

Before Smith, Dennis, and Southwick, *Circuit Judges.*

Per Curiam:[*]

Abubakkor Md Siddick, a native and citizen of Bangladesh, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60389

Convention Against Torture (CAT).  He contends that it was error and violated due process to deny his claims for asylum and withholding of removal based on an adverse credibility finding without granting a continuance to allow him to obtain new translations of the declarations that were inconsistent with his testimony.  He does not describe the applicable standards, cite any authority, or address the IJ's and BIA's reasons for denying a continuance.  To the extent he does not abandon the issues by failing to adequately brief them, *see* FED. R. APP. P. 28(a)(8); *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011), his conclusory assertions are unavailing.

We review the denial of a continuance for abuse of discretion and "may consider the IJ's decision to the extent that it influenced the BIA." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).  Md Siddick does not show that the IJ's or the BIA's decision was capricious, racially invidious, without foundation, or aberrational, and their rational reasons for the denial of a continuance raise no such concerns.  Accordingly, there was no abuse of discretion. *See Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007).

Nor was there a violation of due process, a claim we review de novo. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).  Md Siddick does not dispute the IJ's conclusion that, if he were allowed to obtain new translations, the IJ would not be able to ascertain which translations were accurate.  Md Siddick simply asserts, in conclusory fashion, that the original translations were "faulty" and the result of "a translator's ineptitude." Because he makes no showing that a continuance would have altered the IJ's adverse credibility finding, his due process claim fails. *See Santos-Alvarado*, 967 F.3d at 439.

Md Siddick also challenges the IJ's finding that his demeanor indicated a lack of credibility.  We do not reach the issue because the BIA did

not rely on the findings related to Md Siddick's demeanor in upholding the adverse credibility determination. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 485-86 & n.25 (5th Cir. 2022) (citing *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981)).

Shifting to the merits of his claims, Md Siddick asserts that he was eligible for withholding of removal and relief under the CAT based on his credible testimony that he endured politically motivated attacks in Bangladesh. His conclusory credibility arguments fail, however, as he presents no meaningful challenge to the adverse credibility findings. The adverse credibility finding is dispositive of his withholding of removal claim, *see Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012), and we need not reach its substance, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Md Siddick's assertions of eligibility for relief under the CAT are conclusory, and he does not describe or cite any evidence beyond his own testimony that was found to be incredible. Thus, he fails to show that the record compels a conclusion that he would more likely than not be tortured by or with the acquiescence of a public official. *See Arulnanthy*, 17 F.4th at 597; 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1). The petition for review is DENIED.