# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2022

Lyle W. Cayce
Clerk

No. 21-60562
Summary Calendar

───────────

Md Maksudur Rahman,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 201 747 870

───────────

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Md Maksudur Rahman, a native and citizen of Bangladesh, petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the

─────────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60562

Convention Against Torture (CAT). He asserts, incorrectly, that the BIA erred by requiring him to support his claims with corroborating evidence even though his testimony was deemed credible. *See Rui Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011).

In addition, Rahman challenges the BIA's conclusion that he failed to adequately explain why he could not provide corroborative evidence; however, he does not address the BIA's reasons or cite evidence that refutes them. Instead, he references his testimony that he could not obtain corroborating evidence during the pandemic lockdown in Bangladesh and that, prior to then, he did not know what documents he needed. That testimony does not explain why Rahman's attorney was unable to advise him regarding the necessary documentation and obtain it for him with the assistance of his cousin in the United States during the year before the pandemic lockdown began. He fails to show that the record compels a conclusion that the evidence was not available. *See id.* at 587-88. We do not consider his contentions that he otherwise satisfied the requirements for asylum and withholding of removal, as the BIA did not reach those issues. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 485-86 (5th Cir. 2022).

The BIA rejected Rahman's CAT claim in part because he failed to satisfy his burden of proving that a Bangladeshi official would consent to or acquiescence in his torture. He abandons any challenge to that conclusion by failing to adequately brief it. *See* Fed. R. App. P. 28(a)(8); *Rui Yang*, 664 F.3d at 589; *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because the issue is dispositive of his CAT claim, *see Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017), we do not consider his assertion that he showed a likelihood of future harm rising to the level of torture, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

The petition is DENIED.

2