# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2022

Lyle W. Cayce
Clerk

No. 22-60003
Summary Calendar

———————

Liduvina Concepcion Carcamo-Moya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 987 585

———————————————

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

    Liduvina Concepcion Carcamo-Moya, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals ("BIA") dismissing her appeal from the denial of her applications

———————

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the BIA's decision and consider the immigration judge's ("IJ") decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, meaning that this court may not overturn factual findings unless the evidence compels a contrary conclusion. *Aviles-Tavera v. Garland*, 22 F.4th 478, 482–83 (5th Cir. 2022).

Carcamo-Moya's applications for asylum and withholding of removal are premised on membership in a particular social group ("PSG") comprised of "informants, witnesses[,] and victims of crimes committed by gangs and other organized criminal groups." The IJ held that her proposed PSG was not cognizable, and she did not challenge the issue before the BIA. Thus, because Carcamo-Moya cannot show that any alleged past or future persecution was based on membership in a PSG, her claims fail. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). It is therefore unnecessary to reach Carcamo-Moya's other issues related to asylum and withholding of removal on review. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). To the extent that Carcamo-Moya is attempting to raise a new PSG on review of "family members of victims of gang crime who are then persecuted by the same gang," this court lacks jurisdiction to address it because she failed to raise it before the BIA in the first instance. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

Regarding the denial of her CAT claim, the evidence identified by Carcamo-Moya on review, including a report referencing police corruption in Honduras and her testimony that the police did not assist her, does not

No. 22-60003

compel a reversal of the IJ's determination that she could not establish the state action requirement of her CAT claim. *See Aviles-Tavera*, 22 F.4th at 486. Carcamo-Moya conceded that the police "did the rounds" when investigating her son's murder. We have held that "a foreign government's failure to apprehend the persons threatening the alien or the lack of financial resources to eradicate the threat or risk of torture do not constitute sufficient state action." *Id.* (quotation marks and citation omitted). Furthermore, as held by the IJ, the letters submitted in support of Carcamo-Moya indicate that the police are not complicit in the criminality related to her situation. Finally, the report referenced by Carcamo-Moya states that corruption improved after 2014.

Accordingly, the petition for review is DENIED in part and DISMISSED in part.