# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60373
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2023

Lyle W. Cayce
Clerk

Salah Said Omar El Hennawi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A095 127 514

———————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Salah Said Omar El Hennawi, a native and citizen of Egypt, petitions this court for review of an order of the Board of Immigration Appeals (BIA) affirming an order of the Immigration Judge (IJ) ordering him removed to Egypt and denying his request for deferral of removal under the Convention Against Torture (CAT). We lack jurisdiction to consider his claim that the

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60373

IJ failed to consider the evidence in the aggregate because it was not first presented to the BIA. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1).

His challenge to the determination that he was ineligible for CAT protection is reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). He has not shown that the evidence compels a conclusion that he more likely than not will be tortured if repatriated and thus has not met this standard. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022); *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Additionally, there is no need to consider his remaining arguments concerning credibility and the admission of evidence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). The petition for review is DENIED in part and DISMISSED in part.