# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60655
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2023

Lyle W. Cayce
Clerk

Antonio Ramirez-Mendoza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 871 413

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Antonio Ramirez-Mendoza, a native and citizen of Mexico, petitions for review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the decision of the Board of Immigration Appeals (BIA) and will consider the immigration judge's (IJ) underlying decision only if it impacted the BIA's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence "*compels*" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* (internal quotation marks and citation omitted). Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

Regarding his asylum and withholding of removal claims, the IJ determined that Ramirez-Mendoza's proposed particular social group (PSG) was not cognizable. The BIA held that Ramirez-Mendoza waived the issue on appeal because he failed meaningfully to challenge whether his PSG is cognizable. On review before us, Ramirez-Mendoza does not address the BIA's ruling on waiver. Thus, Ramirez-Mendoza has waived the issue of whether his proposed PSG is cognizable, which is dispositive of his asylum and withholding of removal claims. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) (concluding that petitioner who failed to brief an argument forfeited it); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019) (noting that to qualify for both asylum and withholding of removal, persecution must be based on a protected ground, such as membership in a PSG).

In support of the state action requirement of his CAT claim, *see Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010), Ramirez-Mendoza points to 2018 country data regarding corrupt police officers who participated in kidnapping and extortion, and conspired with criminal groups. Although the country data discusses the corruption of some police officers in Mexico, it also discusses the steps, albeit limited, that the government has taken to combat corruption. Thus, Ramirez-Mendoza has not established that the

No. 22-60655

record compels a finding that Mexico will acquiesce in any alleged torture. *See Chen*, 470 F.3d at 1142; *see also Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022) (holding that "a foreign government's failure to apprehend the persons threatening the alien or the lack of financial resources to eradicate the threat or risk of torture do not constitute sufficient state action" (internal quotation marks and citation omitted)).

Accordingly, Ramirez-Mendoza's petition for review is DENIED.