# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

No. 23-60013
Summary Calendar

———————————

Jenny Yaquelin Canales-Galindo; Skarleth Gissel
Rubio-Canales,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 898 822,
A209 898 823

———————————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Jenny Yaquelin Canales-Galindo and her child, Skarleth Gissel Rubio-Canales, are natives and citizens of Honduras. They petition for review of the dismissal by the Board of Immigration Appeals (BIA) of their appeal from the immigration judge's (IJ) denial of Canales-Galindo's application for

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Rubio-Canales is a derivative beneficiary of her mother's application.

We review the BIA's decision and consider the IJ's underlying decision only if it impacted the BIA's decision, as it did here. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Findings of fact, including the denial of asylum, withholding of removal, and CAT protection, are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, we may not reverse a factual finding unless the evidence compels such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Conclusions of law are reviewed de novo. *Sharma*, 729 F.3d at 411.

Regarding her asylum and withholding of removal claims, Canales-Galindo has failed to show that the record compels the conclusion that her former partner abused her on account of her membership in the proffered particular social groups of "persons not protected by the authorities" or "wom[e]n that [are] mistreated and subjected to domestic violence," rather than based on personal and criminal motives. *See Chen*, 470 F.3d at 1134; *Sharma*, 729 F.3d at 411-12. Conduct driven by purely personal or criminal motives does not constitute persecution on account of a protected ground for purposes of asylum and withholding of removal claims. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004); *Martinez Manzanares v. Barr*, 925 F.3d 222, 227-28 (5th Cir. 2019).

As to her CAT claim, Canales-Galindo has failed to show that the record compels the conclusion that she would likely be tortured with the acquiescence of the Honduran government. *See Chen*, 470 F.3d at 1134, 1141. Although her abusive former partner threatened her with his claimed

connection to the police, Canales-Galindo testified that she is unaware if he is actually so connected and, further, that she did not follow her doctor's advice to file a police report. She argues only that the Honduran government may not be able to prevent her former partner from further torturing her, which does not compel the conclusion that there would be sufficient state action involved in the feared torture. *See Martinez Manzanares*, 925 F.3d at 229; *see also Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022) (confirming that "a foreign government's failure to apprehend the persons threatening the alien or the lack of financial resources to eradicate the threat or risk of torture do not constitute sufficient state action") (internal quotation marks and citation omitted).

Accordingly, the petition for review is DENIED.