# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60056
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2023

Lyle W. Cayce
Clerk

Francisco Alberto Abreu Velandia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A087 617 036

———————————————————

Before King, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Francisco Alberto Abreu Velandia, a native and citizen of Venezuela, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of deferral of removal under the Convention Against Torture (CAT). He argues that his CAT claim did not receive full

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and fair consideration because the BIA failed to adequately consider key evidence.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Aviles-Tavera v. Garland*, 22 F.4th 478, 482 (5th Cir. 2022). De novo review applies to the BIA's legal determinations, "including whether the Board applied an inappropriate standard or failed to make necessary findings." *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019) (internal quotation marks and citation omitted). The BIA's factual determination that an individual is not eligible for CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, the petitioner "has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

In support of his argument, Abreu Velandia points to several pieces of evidence, including a written report by Patricia Andrade; the expert testimony of Brian Fonseca; the past persecution against Abreu Velandia and his mother that warranted the earlier granting of asylum in the United States; evidence regarding the Collectives; the ties of Abreu Velandia's family to former Venezuelan President Carlos Andres Perez and the political party Accion Democratica; and the likelihood that Abreu Velandia would be detained involuntarily in the government's rehabilitation program.

As an initial matter, the Government contends that Abreu Velandia did not exhaust the argument that he could be tortured because of his family's political ties. *See* 8 U.S.C. § 1252(d)(1). Abreu Velandia raised the argument in the BIA sufficiently to put the BIA on notice of the issue. *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021). Thus, we consider it here. *See id.*; § 1252(d)(1).

No. 23-60056

The BIA is not required to "write an exegesis on every contention" but must consider the issues raised before it and provide a decision "sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Ghotra*, 912 F.3d at 290 (internal quotation marks and citation omitted). The BIA's decision reflects that the relevant substantial evidence supporting Abreu Velandia's claims was meaningfully considered. *See Ghotra*, 912 F.3d at 290.

Additionally, the BIA's conclusion that Abreu Velandia failed to meet the standard for protection under the CAT is supported by substantial evidence. While there was evidence of potential scenarios that could result in Abreu Velandia's suffering torture by, or with the acquiescence of, the Venezuelan government, the evidence does not compel the conclusion that it is more likely than not that any of those scenarios will occur. *See Chen*, 470 F.3d at 1140-41; *Aviles-Tavera*, 22 F.4th at 486.

Accordingly, the petition for review is DENIED.