# United States Court of Appeals for the Fifth Circuit

————————

No. 23-60144
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2024

Lyle W. Cayce
Clerk

Emmanuel Ganga Wesseh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094 676 568

————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Emmanuel Ganga Wesseh, a native and citizen of Liberia, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his applications for adjustment of status, a waiver of inadmissibility, and protection under the Convention Against Torture (CAT). We review the BIA's decision and consider the decision of the

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

immigration judge (IJ) only to the extent it influenced the BIA. *See Singh v. Garland*, 20 F.4th 1049, 1052 (5th Cir. 2021).

Wesseh argues that the IJ exhibited bias against him amounting to a due process violation. The absence of a neutral arbiter can constitute a due process violation in an alien's removal proceedings. *Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009). We have jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Due process claims are reviewed de novo. *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012).

Opinions formed by the IJ based on facts or events arising in the course of the alien's proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Wang*, 569 F.3d at 540 (internal quotation marks and citation omitted). Comments by an IJ during a hearing that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* (internal quotation marks and citation omitted). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women" at times display are insufficient to establish bias. *Id.* at 540-41 (internal quotation marks and citation omitted). While the IJ and Wesseh's counsel had confrontational exchanges relating to certain evidence, including documentary evidence that Wesseh sought to admit regarding systemic racism in the United States, Wesseh has not shown that fair judgment was impossible or that the IJ's conduct otherwise met the standard for a due process violation based on bias. *See id.*

Next, Wesseh challenges the denial of protection under the CAT. We have jurisdiction to review his argument. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020). For protection under the CAT, Wesseh was required to show both that (1) he more likely than not would suffer torture if removed to

Liberia and (2) sufficient state action would be involved in that torture. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022). A foreign government's "lack of financial resources to eradicate the threat or risk of torture" does not constitute sufficient state action. *Id.* (internal quotation marks and citation omitted).

The BIA's factual determination that an individual is not eligible for CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, the petitioner "has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* The documentary evidence cited by Wesseh here fails to establish a likelihood of torture specific to him. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

In denying CAT protection, the IJ relied on the State Department's 2021 report on country conditions in Liberia, which noted recent peaceful elections in Liberia and efforts by the Liberian government to provide protection and assistance to returning refugees and other vulnerable persons of concern. Wesseh has not shown that the evidence as a whole compels the conclusion that he more likely than not would be tortured in Liberia by, or with the acquiescence of, a public official or other person acting in an official capacity. *See Chen*, 470 F.3d at 1140-41; *Aviles-Tavera*, 22 F.4th at 482, 486.

While Wesseh also contests the denial of his applications for adjustment of status under 8 U.S.C. § 1255(a) and a waiver of inadmissibility under 8 U.S.C. § 1182(h), his argument regarding such relief does not present a legal question or constitutional claim. We lack jurisdiction to review the decisions in this case denying such relief as a matter of discretion. *See* § 1252(a)(2)(B)(i); § 1252(a)(2)(C); *Patel v. Garland*, 596 U.S. 328, 331-33,

338-39 (2022). Accordingly, we dismiss the petition for review in part for lack of jurisdiction.

Lastly, Wesseh argues that he was deprived of a full and fair hearing because the IJ excluded his documentary evidence on systemic racism in the United States and ruled that one of his proposed witnesses, Dr. Bernadette Ludwig, did not qualify as an expert. Wesseh cannot establish a due process violation with respect to the discretionary denial of his applications for adjustment of status and a waiver of inadmissibility because he lacks a liberty interest in such discretionary relief. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

To prevail on his due process claim relative to the CAT, Wesseh must make an initial showing of substantial prejudice, in addition to demonstrating a violation of his due process rights. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439-40 (5th Cir. 2020). Showing substantial prejudice with regard to Dr. Ludwig requires that Wesseh at least show that the IJ's ruling on Dr. Ludwig was an abuse of discretion. *See Bouchikhi*, 676 F.3d at 180. In ruling that Dr. Ludwig did not qualify as an expert, the IJ took note of Dr. Ludwig's limited contact with recent Liberian refugees in the United States; her lack of familiarity with the latest State Department report on country conditions in Liberia; and, to a lesser extent, the fact that she had never been to Liberia. Citing those factors, the BIA determined that the IJ's ruling on Dr. Ludwig was not an abuse of discretion.

Wesseh does not dispute the accuracy of the factors cited by the IJ and BIA. Notwithstanding his disagreement with the significance of those factors compared to Dr. Ludwig's other qualifications, the IJ is afforded discretion in deciding whether a witness qualifies as an expert. *See Bouchikhi*, 676 F.3d at 180. The IJ and BIA relied on factors relevant to Dr. Ludwig's expertise on the current country conditions in Liberia. Wesseh has not shown that the

ruling on Dr. Ludwig's expertise was an abuse of discretion and therefore has failed to make the initial showing of substantial prejudice required for his due process claim on the issue. *See id.* at 180-81.

Wesseh also fails to make the requisite showing of prejudice regarding his evidence of systemic racism in the United States. He has not shown that such evidence was relevant to the standard for CAT protection, which concerns the likelihood that he would be tortured in Liberia, not his experience in the United States. *See Santos-Alvarado*, 967 F.3d at 436. Thus, he cannot show that the exclusion of such evidence affected the outcome of his claim for protection under the CAT. *See id.* at 439.

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in all other respects.