# United States Court of Appeals for the Fifth Circuit

---

No. 24-60049
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2025

Lyle W. Cayce
Clerk

Fernando Villarreal Medina,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A038 945 237

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Fernando Villarreal Medina, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the immigration judge's denial of protection under the Convention Against Torture (CAT). We review the BIA's decision and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

consider the immigration judge's decision only to the extent it influenced the BIA. *Aviles-Tavera v. Garland*, 22 F.4th 478, 482 (5th Cir. 2022).

To obtain protection under the CAT, Villarreal Medina was required to show both that (1) he more likely than not would suffer torture in Mexico and (2) sufficient state action would be involved in that torture. *See Aviles-Tavera*, 22 F.4th at 486. A foreign government's "lack of financial resources to eradicate the threat or risk of torture" does not constitute sufficient state action. *Id.* (internal quotation marks and citation omitted).

Asserting that Mexico's mental health system is rife with abuses, Villarreal Medina contends that specific intent by the Mexican government to inflict torture in its mental health institutions can be inferred by the intentional and continued use of abusive practices that lack any medical benefit. He asserts that the Mexican government has been on notice of the abuses and has deliberately perpetuated them by continuing to invest in the system with new institutionalization facilities, rather than taking steps to improve or end the system.

Under the substantial evidence standard, "[r]eversal is improper unless we determine that the evidence not only supports a contrary conclusion, but that it compels reversal." *Aviles-Tavera*, 22 F.4th at 482-83. The evidence does not compel a conclusion contrary to the agency's determination that the abuses at mental health institutions in Mexico are a result of negligence and lack of funding and training. *See id.* at 486 ("It is not enough that the Mexican government knows about poor conditions in an institution but fails to address them due to limited resources."). Accordingly, substantial evidence supports the agency's conclusion that Villarreal Medina failed to demonstrate the requisite state action for

No. 24-60049

protection under the CAT.[1]  *See id.*  Because Villarreal Medina has failed on the element of state action, we need not reach his additional argument that the agency failed to consider his aggregate likelihood of torture from all sources.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is DENIED.

---

[1] Although Villarreal Medina also claimed that he likely would suffer torture by cartels, gangs, or government agents due to his tattoos and status as a returning deportee, he does not brief, and therefore has waived, any argument challenging the agency's determination that any such torture likewise would not involve the requisite state action. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008).