# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60579
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2025

Lyle W. Cayce
Clerk

Fathalla Mohamed Mashali,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A024 890 151

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Fathalla Mohamed Mashali, a native and citizen of Egypt, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of his application for deferral of removal under the

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60579

Convention Against Torture (CAT). Mashali's motion to proceed in forma pauperis (IFP) is denied as moot, as he has paid the filing fee.

Where, as here, the BIA adopts and affirms the decision of the immigration judge (IJ), we review both the decisions of the BIA and IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We have jurisdiction to review the denial of protection under the CAT regardless of Mashali's criminal convictions. *See Nasrallah v. Barr*, 590 U.S. 573, 587 (2020). To obtain deferral of removal under the CAT, Mashali was required to show both (1) that he more likely than not would suffer harm in Egypt that qualified as torture and (2) that sufficient state action would be involved in that torture. *See Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022); *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).

Mashali argues that the agency failed to consider his aggregate risk of torture based on all the personal characteristics underlying his claim, the agency relied too heavily on the lack of past torture without consideration of all the other evidence relevant to the possibility of future torture, and the evidence as a whole compels the conclusion that he satisfied the standards for deferral of removal under the CAT. Contrary to Mashali's contention, the agency did not consider the absence of past torture dispositive, as the IJ merely found that the lack of past torture "weaken[ed]" Mashali's claim. As the IJ observed, evidence of past torture is a relevant consideration. *See* 8 C.F.R. § 1208.16(c)(3)(i); *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019).

Further, substantial evidence supports the agency's conclusion that Mashali failed to meet his burden for deferral of removal under the CAT. The agency considered all the personal characteristics underlying his claim and evaluated those factors in the aggregate based on the evidence as a whole, including Mashali's documentary evidence. "Generalized country evidence

tells us little about the likelihood state actors will torture any particular person, including [Mashali]." *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). His argument that certain acts resulting in torture will occur based on the totality of his personal circumstances is too speculative to compel the conclusion that he more likely than not will suffer torture in Egypt involving the requisite state action. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Chen*, 470 F.3d at 1140-41 (5th Cir. 2006); *Aviles-Tavera*, 22 F.4th at 486. Mashali's argument at most presents a permissible view of the evidence, which is insufficient here because reversal under the substantial evidence standard "is improper unless the evidence both supports and compels a contrary result." *Morales*, 860 F.3d at 818 (internal quotation marks and citation omitted).

Accordingly, the petition for review is DENIED. Mashali's motion to proceed IFP is DENIED as moot.