# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-60160
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2025

Lyle W. Cayce
Clerk

WILLIAM ALEXANDER GAMERO-LARIN,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 889 546

―――――――――――――――――――――

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

William Alexander Gamero-Larin, a native and citizen of El Salvador and former MS-13 gang member, petitions for review of the Board of Immigration Appeals' (BIA) upholding the Immigration Judge's (IJ) denying his claim for deferral of removal under the Convention Against Torture (CAT). He contends past harm he experienced at the hands of

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60160

Salvadoran authorities and evidence of El Salvador's country conditions qualify him for deferral of removal under CAT.

Gamero fails to brief, and therefore abandons, any challenge to the BIA's conclusions concerning his: fear of torture by MS-13; fear of torture by rival gangs or cartels; and personal information inadvertently disclosed by United States Immigration and Customs Enforcement. *See, e.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (treating unbriefed issues as abandoned).

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Gamero's contentions fail under this standard.

To qualify for deferral of removal under CAT, Gamero must show he more likely than not would face torture upon repatriation, "and that the state either directly inflicts the torture, or . . . at least acquiesces in it". *Morales-Morales v. Barr*, 933 F.3d 456, 464 (5th Cir. 2019). The BIA adopted the IJ's finding that the Salvadoran government: targeted him in the past because he was an MS-13 gang member; inflicted any alleged harms before he left the gang; freed him upon completion of his criminal sentence; and possesses official documentation of his disaffiliation with MS-13. The BIA acknowledged he still faces some risk of harm in El Salvador but determined

2

the risk was speculative and insufficient to satisfy his burden.  The evidence does not compel a contrary conclusion.  *See Aviles-Tavera v. Garland*, 22 F.4th 478, 486 (5th Cir. 2022) (concluding "foreign government's failure to apprehend the persons threatening the alien . . . do[es] not constitute sufficient state action" (citation omitted)); *Chen*, 470 F.3d at 1140–41 (determining generalized reports about torture in detention centers did not compel conclusion applicant would more likely than not be detained and tortured).

DENIED.